UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

GENEVA SMITH-JOHNSON,

                Plaintiff,

                                        **Hon. Hugh B. Scott**

        v.

                                        05CV132A

                                        **Report**
                                         **&**
ANTHONY J. PRINCIPI, SECRETARY[1],          **Recommendation**
U.S. DEPARTMENT OF VETERANS
AFFAIRS,

                Defendant.
_____

        This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(C) (Docket No. 13, July 7, 2005). The instant matter before the Court is defendant Secretary of Veterans Affairs' ("defendant" or "Secretary") motion (Docket No. 9) summary judgment dismissing the Amended Complaint.

## BACKGROUND

        This is a Title VII and Age Discrimination in Employment Act discrimination action by a middle-aged African-American woman against her employer, the Secretary of the Department of Veterans Affairs, operator of the Veterans Affairs Medical Center in Buffalo, where she was stationed. In her Amended Complaint (Docket No. 4), she alleges a cause of action for age

---

        [1]Pursuant to Federal Rule of Civil Procedure 25(d), the current Secretary of Veterans Affairs, R. James Nicholson, should be substituted as the proper defendant in this action.

discrimination under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 et seq. ("ADEA"), and for retaliation under that act (id. First and Fifth Causes of Action); sex discrimination under Title VII, 42 U.S.C. §§ 2000e, et seq. (id. Second Cause of Action); race and color discrimination and retaliation under Title VII (id. Third and Fourth Causes of Action). She claims that her job functions as a Medical Records Administration Specialist, 669 series ("MRAS") were diminished, including loss of managerial or administrative duties; that she was denied the opportunity to raise her grade from a GS-9 to a GS-11 while other MRAS were at GS-11; that she was subjected to retaliation for prior Equal Employment Opportunity ("EEO") activity; that she was subject to differential employment conditions and a hostile work environment (primarily due to her race). She claims that she was called a "coder" by her supervisors, which she construes as a Medical Records Technician, 675 series, a different job title.

Rather than appear by an Answer, defendant moved for summary judgment (Docket No. 9), contending that plaintiff failed to establish a prima facie case of discrimination either under Title VII or the ADEA, namely because plaintiff failed to show that she suffered an adverse employment action from the myriad of actions that she alleged befell her. Defendant claims that plaintiff received favorable performance evaluations and raises, that she was not demoted or terminated and her job title remained constant. The Secretary argues that plaintiff has no basis for a claimed hostile work environment since no sexual or racial comments or personal insults were severe enough to establish an issue of fact. The alleged slights (being called a "coder" rather than her proper title, being required to submit reports that coders were required to submit but not other MRASs, changes in procedures that somehow affected her,

2

being hired as a GS-9 rather than as a GS-11) do not rise to the level of adverse employment actions. As for her retaliation claims, the Secretary contends that plaintiff cannot establish an adverse employment action. Finally, the Secretary concludes that many of plaintiff's claims are barred because she failed to exhaust her administrative remedies (either by not raising the issues or raising them beyond the time for administrative action).

Plaintiff responds that she made a prima facie case, or at least raised issues of fact precluding summary judgment to defendant Secretary (Docket No. 17). The terms and conditions of her employment were changed. She claims that she was threatened with termination and faced racist remarks. While alleging sex and age discrimination, plaintiff points out instances of perceived racial discrimination to establish a hostile work environment. She discusses her immediate supervisor's use of what plaintiff calls African-American slave language (Docket No. 19, Pl.'s Statement, Additional Disputed Material Fact ¶¶ 4-5; Docket No. 18, Ex. 1, Pl. Aff. ¶¶ 32-36, Ex. 2, Quarles Aff. ¶¶ 10-12), concluding that this created a hostile work environment. Plaintiff does not contend that discovery is required for her to respond to this motion, cf. Fed. R. Civ. P. 56(f).

**DISCUSSION**

I.  Summary Judgment Standard

Summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Ford v. Reynolds, 316 F.3d 351, 354 (2d Cir. 2003); Fed. R. Civ. P. 56(c). The party seeking summary judgment has the burden to demonstrate that no genuine issue of material fact

exists. In determining whether a genuine issue of material fact exists, a court must examine the evidence in the light most favorable to, and draw all inferences in favor of, the non-movant. Ford, supra, 316 F.3d at 354. "A dispute regarding a material fact is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.' " Lazard Freres & Co. v. Protective Life Ins. Co., 108 F.3d 1531, 1535 (2d Cir.) (quoting Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986)), cert. denied, 522 U.S. 864 (1997). While the moving party must demonstrate the absence of any genuine factual dispute, Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986), the party against whom summary judgment is sought, however, "must do more than simply show that there is some metaphysical doubt as to the material facts. . . . [T]he nonmoving party must come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (emphasis in original removed); McCarthy v. American Intern. Group, Inc., 283 F.3d 121, 124 (2d Cir. 2002); Marvel Characters v. Simon, 310 F.3d 280, 285-86 (2d Cir. 2002).

II.     Title VII

For employment discrimination claims, the burden of proof shifts between plaintiff and defendant. First, plaintiff bears the burden of raising a prima facie case, that she is a member of a protected class, that she qualified for the position sought, that she suffered an adverse employment action, and that there is an inference of discrimination that lead to the adverse action. McDonnell Douglas v. Green, 411 U.S. 792, 802-03 (1973). If plaintiff makes a prima facie case the burden then shifts to defendant to show a legitimate, non-discriminatory reason for its action. At issue here is whether plaintiff suffered an adverse employment action. An adverse employment action is a material adverse change in the terms and conditions of employment, such

as terminating or demotion with decrease in wages. DeMars v. O'Flynn, 287 F. Supp. 2d 230, 245 (W.D.N.Y. 2003) (Siragusa, J.); see Police Benevolence Ass'n v. City of N.Y., 310 F.3d 43, 51 (2d Cir. 2002), cert. denied, 538 U.S. 1032 (2003). An adverse action is more than a mere alteration of job responsibilities.

Plaintiff alleges a series of reductions in her job duties. The Secretary argues that (singly or collectively) these actions do not amount to an adverse employment action sufficient to make a prima facie case. The Court's review of plaintiff's allegations finds that the changes identified were minor, did not diminish her job functions and did not create a significant set back in her career to constitute an adverse employment action or series of adverse actions. Cf. Galabya v. New York City Bd. of Educ., 202 F.3d 636, 640-41 (2d Cir. 2000) (discussing Rodriguez v. Board of Educ., 620 F.2d 362 (2d Cir. 1980), transfer of junior high art teacher to elementary school held to be radical change in work). (See Docket No. 23, Def. Reply Memo. at 2-7.)

While her supervisor's use of what plaintiff termed "African-American slave language" or dialect is far from professional, that with the other alleged slights does not establish an adverse employment action or hostile work environment to state a prima facie case. Although plaintiff and a witness attest to the widely known use of the term "yous" as slave dialect (or implicitly some racial slur), the Court's research could not come up with other authority for that proposition.[2] Plaintiff, first, failed to exhaust her administrative remedies as to those statements (Docket No. 23, Def. Reply Memo. at 12-13) and, second, she fails to show that the statements were racial epithets or even slave dialect (id. at 14). Isolated comments such as those alleged

---

[2]An internet search revealed that "youse" is a non-standard plural for you "mainly in satire on the speech of folks from Brooklyn. See www.wsu.edu/~brian/errors/youse.html.

here alone do not support a hostile environment claim. Faragher v. City of Boca Raton, 524 U.S. 775, 788 (1998).

III.     Retaliation

Again, for a retaliation claim, plaintiff bears the initial burden of showing a prima facie case. That case must show that plaintiff was engaged in protected activity under Title VII, that defendant was aware of plaintiff's participation in the protected activity, that plaintiff suffered an adverse employment activity as a result of that participation, and there is a causal connection between the protected activity and adverse employment action. (See Docket No. 10, Def. Memo. at 7.) Again, this claim boils down to whether plaintiff suffered an adverse employment action in retaliation for her prior EEO complaints.

As stated above, plaintiff fails to show any adverse employment action, and particularly fails to show any due to retaliation for her prior complaints. Plaintiff has not alleged that her employers were aware of the prior EEO complaints and used that information in changing her work conditions. She does not allege any causal link between her EEO complaints and subsequent actions that she considers adverse employment actions.

IV.     Age Discrimination and Sex Discrimination Claims

Plaintiff makes a general allegation that younger employees did not suffer the same things she did. This alone does not suffice to establish a claim for age discrimination. See also Woodman v. WWOR-TV, Inc., No. 03-9348, 2003 U.S. App. LEXIS 11060 (2d Cir. June 13, 2005). Plaintiff again makes only a general allegation of gender discrimination and no allegation of harassment on the basis of her sex. Again, this generic claim alone does not suffice to allege

6

sex discrimination.  Plaintiff fails to allege, for example, that comparable male employees received more favorable terms and conditions or did not face forms of harassment that she faced.

## CONCLUSION

Based upon the above, it is recommended that Defendant motion for summary judgment dismissing the Amended Complaint (Docket No. 9) be **granted**.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) and W.D.N.Y. Local Civil Rule 72.3(a).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME OR TO REQUEST AN EXTENSION OF SUCH TIME WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT DISTRICT COURT'S ORDER ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.**  Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The District Court on *de novo* review will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate

Judge in the first instance.  See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Civil Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  **Failure to comply with the provisions of Rule 72.3(a)(3) may result in the District Court's refusal to consider the objection.**

SO ORDERED.

s/HBS<br>
Hon. Hugh B. Scott<br>
United States Magistrate Judge

Dated: Buffalo, New York
      September 2, 2005